# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 3139 MOUNT WHITNEY RD. TRUST DATED 06/14/2021,<br><br>                     Plaintiff,<br><br>v.<br><br>DEBRA TONER, et al.,<br><br>                     Defendants. | Case No. 21-cv-1845-MMA (AGS)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**<br><br>[Doc. No. 4] |

On September 1, 2021, Plaintiff 3139 Mount Whitney Rd. Trust Dated 06/14/2021, U.S. Financial, L.P., as Trustee ("Plaintiff") initiated an unlawful detainer action against Defendants Debra Toner, Kevin P. Carey, Richard L. Stanley, and other unascertained defendants (collectively, the "UD Defendants") in the Superior Court of California, County of San Diego (the "UD Action"). Doc. No. 1-2 ("State Ct. Compl."). On November 1, 2021, Debra Toner ("Defendant"), preceding *pro se*, filed a notice of removal to this Court. Doc. No. 1 ("Notice of Removal"). Plaintiff now moves to remand the UD Action back to state court. Doc. No. 4. Defendant filed an opposition, to which Plaintiff replied. *See* Doc. Nos. 5, 7. The Court found the matter suitable for determination on the papers and without oral argument pursuant to Civil Local Rule

7.1.d.1.  *See* Doc. No. 8.  For the reasons set forth below, the Court **GRANTS** Plaintiff's motion to remand.

## I. BACKGROUND

Plaintiff alleges it is the owner of the subject property located at 3139 Mount Whitney Road, Escondido, California 92029, following a non-judicial foreclosure sale.[1] State Ct. Compl. at 5.[2]  Plaintiff maintains that it "was a bona fide purchaser for value without notice of any defects in the nonjudicial foreclosure process." *Id.*  Plaintiff further asserts that on August 28, 2021, Plaintiff served a notice to quit on the UD Defendants and upon all persons claiming any right to possession of the subject property. *Id.* at 6. Nonetheless, Plaintiff states that "since expiration of the notice [to quit] until the present, [the UD Defendants] has/have remained in possession of the subject property without Plaintiff's permission or consent." *Id.*  Thus, Plaintiff initiated the UD Action pursuant to California Code of Civil Procedure § 1161. *See id.*  On November 1, 2021, Defendant removed the UD Action to this Court.  *See* Notice of Removal.

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  "They possess only that power authorized by Constitution and statute." *Id.*  "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citing *California ex rel. Younger v. Andrus*, 608 F.2d 1247, 1249 (9th Cir. 1979)).  The party seeking federal jurisdiction bears the burden to establish jurisdiction. *Kokkonen*, 511 U.S. at 377 (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S 178, 182–83 (1936)).  Generally, subject matter

---

[1] Plaintiff's motion for remand states the subject property is instead located at 3235 Byron Street, San Diego, California 92106.  Doc. No. 4-1 at 2.  This appears to be a typographical error.
[2] All citations to electronically filed documents refer to the pagination assigned by the CM/ECF system.

jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or on complete diversity between the parties, *see* 28 U.S.C. § 1332.

28 U.S.C. § 1441(a) provides for removal of a civil action from state to federal court if the case could have originated in federal court. The removal statute is construed strictly against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).

### III. DISCUSSION

Defendant removed the UD Action to this Court pursuant to 28 U.S.C. §§ 1441 and 1443. Notice of Removal at 5. She asserts removal was proper on several grounds. The Court considers each in turn.

**A.    Removal Jurisdiction Under 28 U.S.C. § 1441**

A defendant may remove a civil action from state to federal court if the case could have originated in federal court. 28 U.S.C. § 1441(a). Subject matter jurisdiction is generally based upon the presence of a federal question or on complete diversity between parties. *See* 28 U.S.C. §§ 1331, 1332. According to Defendant, removal was proper because the Court has subject matter jurisdiction pursuant to both federal question and diversity jurisdiction. *See* Notice of Removal at 4, 12, 13. Plaintiff argues the case was improperly removed and should be remanded pursuant to 28 U.S.C. § 1447(c) because the Court lacks subject matter jurisdiction over the action. *See* Doc. No. 4-1 at 7. Namely, Plaintiff asserts that there is no federal question presented on the complaint's face, no diversity between parties, and the complaint states the amount in "controversy [is] between $10,000 and $25,000." *Id.* at 7.

   1.    *Federal Question Jurisdiction*

Pursuant to 28 U.S.C. § 1331, a federal district court has jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-

pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 388 (1987). "[A] case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd. of Ca. v. Constr. Laborers Vacation Tr. for S. Ca.*, 463 U.S. 1, 14 (1983); *see also Rivet v. Regions Bank of La.*, 522 U.S. 470, 478 (1998). A defendant's claims or defenses that a plaintiff has violated a federal statute cannot serve as a basis for federal question jurisdiction. *Takeda v. Nw. Nat. Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985). "[T]he fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." *Cannon v. University of Chicago*, 441 U.S. 677, 688 (1979).

Here, a review of the UD Action complaint reveals a single unlawful detainer claim against the UD Defendants under California state law. *See* State Ct. Compl. at 7. Thus, it is plain that the UD Action is based solely on state law, specifically California Code of Civil Procedure § 1161.[3] Accordingly, Plaintiff's complaint does not present a federal question of law that would provide this Court with subject matter jurisdiction over the matter.

While Defendant generally asserts that the UD Action is properly removable, she sets forth no cognizable basis for federal question jurisdiction in her notice of removal. Even liberally construing Defendant's notice of removal, any purported federal rights or claims would be defenses and potential counterclaims against Plaintiff. However, neither defenses nor counterclaims are considered in evaluating whether a federal question

---

[3] Section 1161 provides in relevant part, "[a] tenant of real property . . . is guilty of unlawful detainer . . . [w]hen the tenant continues in possession, in person or by subtenant, of the property, or any part thereof, after the expiration of the term for which it is let to the tenant."

appears on the face of a plaintiff's complaint. As such, Defendant's allegations do not establish federal question jurisdiction under 28 U.S.C. § 1331.

### 2. *Diversity Jurisdiction*

Pursuant to 28 U.S.C. § 1332, a federal district court has jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the dispute is between citizens of different states. 28 U.S.C. § 1332(a)(1). The Supreme Court has interpreted section 1332 to require "complete diversity of citizenship," meaning each plaintiff must be diverse from each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67–68 (1996). If a matter is removable solely on the basis of diversity jurisdiction pursuant to section 1332, the action may not be removed if any properly joined and served defendant is a citizen of the forum state. *See* 28 U.S.C. § 1441(b)(2).

Here, there is no diversity between the parties and the amount in controversy requirement has not been met. Plaintiff is a trust, and the trustee is a citizen of California. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (2006) ("A trust has the citizenship of its trustee or trustees." (citing *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464 (1980))). Defendant admits she is also a citizen of California because the property at issue in this case is her primary dwelling and she continues to reside there. Additionally, the face of the complaint clearly demonstrates that Plaintiff seeks damages in an amount less than $10,000 and provides for specific money damages in the prayer for judgment. *See* State Ct. Compl. 4, 6–7. Therefore, the Court does not have diversity jurisdiction over the matter.

And in any event, under 28 U.S.C. § 1441(b), removal is permitted in diversity cases only when "none of the parties in interest is properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Such is not the case here as Defendant is a citizen of California. Accordingly, removal was also improper on this basis.

Therefore, because there is neither diversity nor federal question jurisdiction, the Court finds that it lacks subject matter jurisdiction over the action and, thus, that removal was improper under 28 U.S.C. § 1441.

**B.      "Civil Rights Removal" Pursuant to 28 U.S.C. § 1443**

Defendant also contends that "civil rights removal" is proper pursuant to 28 U.S.C. § 1443. Notice of Removal at 8–10. To that end, Defendant asserts Plaintiff is violating "her Constitutional Right to Due Process, to protect her home, and principal dwelling place and claims to ownership of, in, and relating to [the] real property [at issue]." *Id.* at 2, 4, 13; *see also* Doc. No. 7. at 6, 8. Plaintiff argues that civil rights removal is inapplicable here because the action is based on state law unrelated to racial equality. Doc. No. 4-1 at 8.

Pursuant to 28 U.S.C. § 1443, a defendant may remove to the proper federal court any of the following civil actions commenced in state court:

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443. A petition for removal under section 1443(1) has been narrowly interpreted and must satisfy a two-part test. *See Georgia v. Rachel*, 384 U.S. 780, 788–92, 794–804 (1966); *City of Greenwood v. Peacock*, 384 U.S. 808, 824–28 (1966). "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights." *California v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970) (citing *Rachel*, 384 U.S. at 788–92). "Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Id.*

Here, civil rights removal is not appropriate. As to the first requirement, Defendant fails to identify an explicit law protecting equal racial civil rights. In fact, Defendant makes no reference to racial inequality or discriminatory laws. The rights she asserts, like *Sandoval*, "spring, not from specific statutory grants, but from broad protections of the First and Fourteenth Amendments." *Sandoval*, 434 F.3d at 636; *see* Notice of Removal at 13 (asserting a violation of her due process rights under the Fifth and Fourteenth Amendments). These rights "are not within the coverage of section 1443." *Sandoval*, 434 F.3d at 636 (citing *Rachel*, 384 U.S. at 787–88). As to the second requirement, Defendant fails to show that she would be unable to enforce her rights in state court. At a minimum, she—as a tenant—is assured the right to a court hearing and can present a defense to the unlawful detainer action under California law. *See* Cal. Civ. Proc. Code. § 1170. Further, resolving the present case would not "preclude Defendant from litigating her claims regarding title and challenges to the trustee's sale in a separate action." *Fannie Mae v. Gooding*, No. 11-cv-762-DMS-WVG, 2011 WL 2636884, *3 (S.D. Cal. July 6, 2011). Thus, a federal forum is not necessary to protect Defendant's rights. Accordingly, because Defendant has not met either of the criteria, removal under section 1443 was improper.

**C.     Procedural Requirements for Removal of Civil Actions**

In addition to the substantive defects of Defendant's removal, Plaintiff contends that removal was untimely and that Defendant did not have consent from the other defendants to remove the action in violation of 28 U.S.C. § 1446(b). Doc. No. 4-1 at 9.

    1.     *Notice of Removal*

"The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . , or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b)(1).

|   |   |
|---|---|
| 1 | Defendant does not state on what date she was served with the state court |
| 2 | complaint.  *See* Notice of Removal; Doc. No. 7.  However, it appears from the record that |
| 3 | she was duly served September 16, 2021.  Doc. No. 4-4 at 3; Doc. No. 4-1 at 9.  Thus, |
| 4 | Defendant's notice of removal was due on or before October 16, 2021.  Doc. No. 4-1 at 9. |
| 5 | Defendant did not file her notice of removal until November 1, 2021.  Doc. No. 1.  As |
| 6 | this is outside the thirty-day removal window pursuant to 28 U.S.C. § 1446(b)(1), the |
| 7 | Court finds that Defendant's removal was untimely. |
| 8 |       2.    *Unanimity of Consent* |
| 9 | Finally, Plaintiff argues that removal was improper because there was no |
| 10 | unanimity of consent among the UD Defendants.  Doc. No. 4-1 at 9.  Neither Defendant's |
| 11 | notice of removal nor her opposition mention the UD Defendants as they relate to |
| 12 | removal.  *See* Notice of Removal; Doc No. 7. |
| 13 | Section 1446(b)(2)(A) provides that "[w]hen a civil action is removed solely under |
| 14 | section 1441(a), all defendants who have been properly joined and served must join in or |
| 15 | consent to the removal of the action."  28 U.S.C. § 1446(b)(2)(A).  This is known as the |
| 16 | rule of unanimity.  "Where fewer than all the defendants have joined in a removal action, |
| 17 | the removing party has the burden under section 1446(a) to explain affirmatively the |
| 18 | absence of any co-defendants in the notice of removal."  *Prize Frize, Inc. v. Matrix (U.S.)* |
| 19 | *Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999), *superseded by statute on other grounds*. |
| 20 | Plaintiff named multiple persons—both known and unknown—as defendants in the |
| 21 | UD Action, but only Defendant filed the notice of removal.  Accordingly, there is no |
| 22 | unanimity of consent.  Moreover, Defendant fails to provide any information in her |
| 23 | notice about the other UD Defendants, and importantly, lacks any explanation as to why |
| 24 | her co-defendants are absent from the notice of removal.  As such, the Court finds |
| 25 | Defendant has not met her burden in explaining the absence of the other UD Defendants |
| 26 | in her notice of removal.  On that basis, removal was improper. |
| 27 | In sum, it appears plain that Defendant improperly removed the UD Action to |
| 28 | federal court.  Defendant's Notice of Removal was untimely and Defendant fails to |

establish a basis for this Court's jurisdiction. The Court must therefore remand the case. *See* 28 U.S.C. § 1447(c).

**D. Attorney's Fees**

Plaintiff asks the Court to award "all costs, expenses, and attorney's fees caused by Defendant's frivolous filing." Doc. No. 4-1 at 9 (citing 28 U.S.C. § 1447(c)). Defendant does not address this request in her opposition. *See* Doc. No. 7.

Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). As the Supreme Court has indicated, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); *see also Chan Healthcare Grp., PS v. Liberty Mut. Fire Ins. Co.*, 844 F.3d 1133, 1141 (9th Cir. 2017). Moreover, "the standard for awarding fees should turn on the reasonableness of the removal." *Martin*, 546 U.S. at 141.

Here, the Court finds Defendant did not lack an objectively reasonable basis for seeking removal, nor does the Court find that unusual circumstances exist. Defendant is a *pro se* litigant, and it was reasonable for her to think removal is proper given the extent to which she claims her constitutional rights are being violated and that one asserted basis of removal relates to civil rights claims. *See Fannie Mae*, 2011 WL 2636884, at *2.[4] As such, the Court **DENIES** Plaintiff's request for attorney's fees and costs.

---

[4] Plaintiff argues the present case differs from *Fannie Mae* because Defendant is represented by an attorney in a different civil case in state court and only filed this removal in response to Plaintiff's request to advance a state court hearing date. *See* Doc. No. 5 at 5. The Court disagrees. Defendant's representation in a different case does not make her notice of removal per se unreasonable nor does it negate the fact that she is proceeding *pro se* in this case. As other courts have found, it is generally reasonable for a *pro se* litigant to think removal is proper.

## IV. C<small>ONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion to remand to state court. The Court further **DIRECTS** the Clerk of Court to return the case to state court forthwith, terminate any pending motions, and close this action.

**IT IS SO ORDERED**.

Dated: November 22, 2021

*[signature]*

HON. MICHAEL M. ANELLO
United States District Judge